FILED
United States Court of Appeals
Tenth Circuit

August 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELROY BUCKLEY, a/k/a Blacks,

Defendant - Appellant.

No. 11-3298
(D.C. No. 2:09-CR-20133-JWL-17)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

A federal jury convicted Mr. Buckley of possessing marijuana with intent to distribute and money laundering. On appeal, Mr. Buckley challenges only his conviction for money laundering. He does not argue, however, that the facts alleged by the government, if proven, would constitute the crime. He presents to us only a much narrower and entirely factual question: was there sufficient

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence to find that on or about October 10th he delivered money to Michael Francois, as the indictment alleged? We find that there was and so affirm.

Because Mr. Buckley never raised this sufficiency challenge below, our review is for plain error, *United States v. Foy*, 641 F.3d 455, 465 (10th Cir. 2011), though the precise contours of this standard remain unclear. We have suggested that plain error analysis of a forfeited sufficiency claim may be "essentially the same as [the Court's] usual sufficiency-of-the-evidence analysis." *United States v. Gallant*, 537 F.3d 1202, 1223 (10th Cir. 2008) (internal quotation marks omitted). But whatever the exact contours of our plain error review in sufficiency cases, none of it matters here. Even if Mr. Buckley preserved his challenge, we still would be able to ask only whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found as the jury did. *United States v. Rakes*, 510 F.3d 1280, 1284 (10th Cir. 2007).

And on the record before us, one could. Rita Holmes-Buckley, Mr. Buckley's wife, testified at trial that her husband began dealing marijuana in 2009. She said his supplier was Michael Francois. She explained that Mr. Buckley didn't pay for the drugs up front, but would take them, sell them, and then pay Mr. Francois his due before receiving a new batch to sell. A series of intercepted telephone calls on October 8 reveal that Mr. Buckley had recently obtained drugs from Mr. Francois and was in the process of selling them. In the

last call of the day, Mr. Buckley told his wife that he might be able to pay for the drugs in full the next day and get more. Then, in the first recorded call of October 10, Mrs. Holmes-Buckley told Mr. Buckley he needed to deliver money to Mr. Francois. Later the same day, she called to ask him if he has already "deal[t]" with Mr. Francois. And still later that day, Mr. Buckley appears to confirm that he has seen Mr. Francois and Mrs. Holmes-Buckley expresses her concern that they may have "shorted" Mr. Francois a thousand dollars. By October 15, recorded conversations show Mr. Buckley asking Mr. Francois when more marijuana might be available for him to sell; and on October 24 phone conversations indicate that Mr. Buckley was again selling marijuana. In light of all this evidence, and viewing it in the light most favorable to the jury's verdict as we must, a reasonable juror could conclude that Mr. Buckley gave Mr. Francois money from his drug sales on or about October 10, just as the indictment alleged.

The one case cited by Mr. Buckley in support of his argument, *United States v. Torres*, 53 F.3d 1129 (10th Cir. 1995), does not suggest a different result. In *Torres*, we overturned a conviction for money-laundering when the *only* evidence in the case indicated that it was *another* individual, not the defendant herself, who had made the money transfer that was the basis of the charge. In this case, there is no argument that someone other than Mr. Buckley made the transfer at issue.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge